IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

PATRICK COLE,

        Petitioner,

   v.

J.E. THOMAS, Warden,
FCI Sheridan,

        Respondent.

Case No. 3:12-cv-412-ST

FINDINGS AND RECOMMENDATION

Stephen R. Sady
Chief Deputy Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

S. Amanda Marshall
United States Attorney
Natalie K. Wight, Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

    Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging the computation of his sentence by the Bureau of Prisons ("BOP"). For the reasons that follow, the Petition for Writ of Habeas Corpus (docket #1) should be dismissed.

## FINDINGS

On July 20, 1988, petitioner received a 35-year state sentence in Dallas County, Texas, for Burglary of a Vehicle. Melick Declaration, p. 3. He was paroled on October 24, 1991, but was arrested for new criminal conduct on January 25, 1992, resulting in the revocation of his parole and his return to prison to continue servibg his original 35-year sentence. *Id.*

In addition to his parole revocation, petitioner was charged with a total of two counts of aggravated robbery in two separate state cases. On May 14, 1992, he was also charged by information in the United States District Court for the Northern District of Texas with two counts of obstructing or affecting commerce through robbery, use of a firearm during the commission of a crime of violence, and felon in possession of a firearm. Petitioner's Exhibit A.

On May 21, 1992, petitioner appeared in federal court pursuant to a writ of habeas corpus *ad prosequendum* and entered guilty pleas to all four counts against him. Petitioner's Exhibit B. Thereafter, he was returned to the Dallas County Jail.

2 - FINDINGS AND RECOMMENDATION

On May 22, 1992, the state court sentenced petitioner to two 25-year sentences to run concurrently with one another, as well as with the federal sentence which had not yet been imposed. Melick Declaration, p. 4; Petitioner's Exhibit D, p. 2.

On July 13, 1992, petitioner filed an unopposed motion for a new trial in the state cases which was granted on July 27, 1992, vacating the state convictions. Melick Declaration, p. 4. While on pretrial status, he was transferred to federal court on a writ of habeas corpus *ad prosequendum* for sentencing on his federal charges. *Id*. On July 30, 1992, the federal court sentenced petitioner to a total aggregated federal sentence of 240 months. *Id* at 2. The federal judgment was silent as to whether the federal sentence would run concurrently with, or consecutively to, any yet to be imposed state sentence.

The following day, July 31, 1992, the state court accepted petitioner's guilty plea and entered a new judgment which again imposed concurrent 25-year sentences to run concurrently with the federal sentence. *Id* at 4-5. The state court then ordered the Sheriff to deliver petitioner to the United States Marshal,[1] noting that petitioner's state sentence was to run concurrently with his federal sentence. Petitioner's Exhibit J. Thus, it appears as

---

[1] While petitioner stresses that the Notice of Disposition says that he was to be "released" to the U.S. Marshal, the Order signed by the judge states that petitioner was to be "delivered" to the U.S. Marshal. Petitioner's Exhibits J & K.

3 - FINDINGS AND RECOMMENDATION

though the state court sent petitioner to federal prison to serve his concurrent state sentence. The Order makes no mention of petitioner's undischarged 35-year sentence for vehicular burglary from 1988 which he was obligated to continue serving following the revocation of his parole in 1992.

Following the imposition of the 1992 state and federal sentences, petitioner was first incarcerated at FCI-Seagoville until his transfer to FCI-Bastrom on October 16, 1992. Petitioner's Exhibit L, p. 2. Respondent characterizes this placement in federal custody as inadvertent and asserts that the BOP became aware of this error one year later in August of 1993 when it made arrangements to return him to the State of Texas to serve his state sentences.[2] Melick Declaration, p. 10.

The BOP transferred petitioner back to state custody on August 27, 1993, providing him with custody credit for the time he spent in federal prison toward the service of his state sentence only. *Id* at 9-10. It also placed a federal detainer upon him. In this way, the BOP effectively set up petitioner's federal sentence to run consecutively to his state incarceration.

In 1999, petitioner (who was still in state custody) applied with the BOP for credit toward his federal sentence for the time he was serving in state prison. This prompted the BOP to contact the

---

[2] Holding petitioner in federal custody was likely in error because he had yet to serve the remainder of his 35-year state sentence from 1988.

4 - FINDINGS AND RECOMMENDATION

federal sentencing judge to determine if the court had intended the federal sentence to run concurrently with the state sentence. *Id* at 7-8. "[T]he sentencing court indicated it intended the sentences to be consecutive," prompting the BOP to deny petitioner's request. *Id* at 8; Respondent's Exhibit 1, p. 12.

On April 10, 2001, the State of Texas reduced petitioner's 1992 sentence to a 9-year term of imprisonment that expired in 2001(essentially time-served). *Id* at 5. However, he remained imprisoned within the Texas Department of Corrections pursuant to his prior 35-year sentence stemming from the 1988 vehicular burglary case where his parole had been revoked.

On August 12, 2002, petitioner (while still in state custody) filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District Court for the Southern District of Texas challenging the execution of his federal sentence. His grounds for relief questioned the BOP's calculation of his sentence, and he argued that his state and federal sentences should run concurrently. Respondent's Exhibit 2. That district court "exhaustively researched and considered" the pertinent issues and denied relief upon the Petition and dismissed the case with prejudice on March 31, 2003. Respondent's Exhibit 1, p. 18.

Petitioner remained in state custody until March 9, 2009, when he was paroled from the 1988 vehicular burglary sentence and transferred to federal custody to serve his federal sentence.

5 - FINDINGS AND RECOMMENDATION

Melick Declaration, p. 5.  Petitioner's projected good conduct time release date is September 26, 2025.  *Id* at Attachment 2, p. 1.  However, petitioner contends that he completed his concurrent state and federal sentences over two years ago.

Petitioner filed this 28 U.S.C. § 2241 habeas corpus action with the assistance of counsel on March 8, 2012.  Petitioner alleges that the BOP acted unlawfully by: (1) failing to effectuate the State of Texas' relinquishment of primary custody to federal custody; (2) failing to effectuate the subsequent judgment of the state court and its intent that the state sentence run concurrently with the federal sentence; and (3) converting his concurrent state sentences to consecutive sentences.

## **FINDINGS**

Successive § 2241 petitions by federal prisoners are subject to threshold dismissal under the Finality of Determination doctrine set forth in 28 U.S.C. § 2244(a).  *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008).  That statute provides as follows:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

6 - FINDINGS AND RECOMMENDATION

Section 2244 "does not enact a rigid rule. The judge is permitted, not compelled, to decline to entertain such an application, and then only if (s)he 'is satisfied that the ends of justice will not be served' by inquiring into the merits." *Sanders v. United States*, 373 U.S. 1, 12 (1963) (internal citations omitted).

This case involves the same claims that petitioner raised in his 2002 habeas corpus Petition which the Southern District of Texas rejected on their merits. Realizing this, petitioner argues that the interests of justice require this court to revisit the execution of his sentence on the basis that he was incarcerated in a state prison where he could not apply for federal administrative review and, therefore, had no opportunity for factual development.

The Southern District of Texas was well aware of petitioner's inability to avail himself of the BOP's administrative review procedure leading up to the filing of his 2002 habeas corpus Petition. Respondent's Exhibit 1, p. 8. That court did not, however, consider inadequate factual development to be an issue since it denied petitioner's motion seeking an evidentiary hearing on the basis that the court "has been able to resolve all issues raised in this case by referring to the pleadings and exhibits filed by the parties" and "there is no issue remaining which requires the presentation of additional evidence." *Id* at 18. Thus, factual development was not foreclosed simply by virtue of

7 - FINDINGS AND RECOMMENDATION

the unavailability of the BOP's administrative review process, but also by the District Judge who found the factual record to be sufficient to resolve his claims. Consequently, the unavailability of the BOP administrative review process does not justify allowing petitioner to proceed on his duplicative Petition.

Petitioner also argues that the District Judge who denied relief on his 2002 Petition did so using an incorrect standard of review and without a proper appreciation for several essential facts of his case. It would be improper for petitioner to use the District of Oregon as a *de facto* appellate court to belatedly overturn a 10 year-old decision from the Southern District of Texas which decided his claims on their merits. A duplicative petition is simply not a valid substitute for an appeal.

Petitioner also argues that recent legal developments have rendered the 2002 decision obsolete. Specifically, he argues that the Supreme Court's recent decision in *Setser v. United States,* ____ U.S. ___, 132 S. Ct. 1463 (2012), holds that the BOP exceeds its authority when it makes the judicial decision regarding concurrent or consecutive sentences. *Setser* actually holds that a district court has discretion to run federal sentences consecutively to anticipated, but unimposed, state sentences. *Id* at ___, 132 S. Ct. at 1468, 1473. While the majority opinion also expresses its concern that "sentencing not be left to employees of the same Department of Justice that conducts the prosecution," the

majority also states that in the context of a prisoner who "starts in state custody, serves his state sentence, and then moves to federal custody, it will always be the Federal Government — **whether the district court or the Bureau of Prisons** – that decides whether he will receive credit for the time served in state custody." *Id* at ___, 132 S. Ct. at 1471 (emphasis added).  The opinion also states that in the event of a judgment which is difficult to interpret or implement, the BOP ultimately must determine how long the district court's sentence authorizes it to incarcerate an inmate.  *Id* at ___, 132 S. Ct. at 1473.

Nothing in *Setser* prohibits the BOP from interpreting a judgment which is silent as to whether a sentence is to operate concurrently or consecutively as is the case here.  Furthermore, the BOP did not simply act on its own and decide to impose a consecutive sentence.  Instead, it contacted petitioner's federal sentencing judge to determine his intent.  The sentencing judge specifically advised the BOP that he intended the federal sentence to run consecutively to the later-imposed state sentence. Melick Declaration, pp. 7-8; Respondent's Exhibit 1, p. 12.  Thus, it is clear that, contrary to petitioner's argument, the federal sentencing judge was not attempting to defer to the state court on the issue of concurrent sentences by failing to address it in his Judgment.

9 - FINDINGS AND RECOMMENDATION

The BOP worked diligently to implement the District Judge's intended sentence. Nothing in *Setser* indicates that this is inappropriate. As a result, no legal development has occurred which, in the interests of justice, would require the court to revisit the execution of petitioner's sentence.

The Petition should be dismissed as improperly successive pursuant to 28 U.S.C. § 2244(a) because: (1) petitioner attempts to relitigate the validity of the BOP's calculation of his state and federal sentences after such a challenge was previously denied on its merits with prejudice; and (2) the interests of justice will not be served by inquiring further into the merits of this case. *See Queen v. Miner*, 530 F.3d 253, 255 (3rd Cir. 2008) (affirming § 2241 dismissal pursuant to § 2244(a) where the issues raised had been, or could have been, decided in the petitioner's previous habeas action adjudicated in another district); *Valona v. United States*, 138 F.3d 693, 695 (7th Cir. 1998) ("§ 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence"); *Chambers v. United States*, 106 F.3d 472, 475 (2nd Cir. 1997) (dismissing § 2241 jail-credit habeas action pursuant to § 2244(a) which had been brought in an earlier § 2241 petition and decided on its merits).

///
///
///

10 - FINDINGS AND RECOMMENDATION

**RECOMMENDATION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (docket #1) should be dismissed and a judgment should be entered dismissing this case with prejudice.

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due May 3, 2012. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 16th day of April, 2012.

> s/   Janice M. Stewart
> Janice M. Stewart
> United States Magistrate Judge