IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

PATRICK COLE,   No. 03:12-CV-412-ST

        Petitioner,   ORDER

   v.

J.E. THOMAS, Warden, FCI Sheridan,

        Respondent.

Stephen R. Sady
Office of the Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

   Attorney for Petitioner

Natalie K. Wight
United States Attorney's Office
1000 SW Third Avenue, Suite 600
Portland, OR 97204

   Attorney for Respondent

1 - ORDER

HERNANDEZ, District Judge:

Magistrate Judge Stewart issued a Findings and Recommendation (#16) on April 16, 2012, in which she recommends that the Court should dismiss the petition for writ of habeas corpus (#1) and dismiss the case with prejudice.  Petitioner timely filed objections to the Findings and Recommendation.  The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation ("F&R"), the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1); Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Petitioner objects to the Findings and Recommendation because the Magistrate Judge: (1) incorrectly applied Setser v. United States, 132 S. Ct. 1463 (2012), (2) improperly relied on a sentencing judge's statement, (3) failed to give appropriate deference to the State's sovereignty, and (4) erroneously deferred to a prior district court decision denying a petition for writ of habeas corpus.  I have carefully considered Plaintiff's objections and conclude that the objections do not provide a basis to modify the recommendation that the complaint be dismissed with prejudice.  I have also reviewed the pertinent portions of the record *de novo* and find no error in the Magistrate Judge's Findings and Recommendation.

First, I agree with Magistrate Judge Stewart's finding that the legality of Petitioner's detention has already been determined by the Southern District of Texas in his 2002 habeas corpus petition. F&R, 7.  I also do not wish to turn this court into a "de facto appellate court" to challenge the 2002 decision, which dismissed the petition with prejudice.  Id. at 8.

2 - ORDER

I also agree with Magistrate Judge Stewart's interpretation of Setser's holding, that "a district court has discretion to run federal sentences consecutively to anticipated, but unimposed, state sentences." Id. Setser involved interpreting a section of the Sentencing Reform Act of 1984, 18 U.S.C. § 3584[1], as a limit on a district court's existing authority to make sentences concurrent or consecutive. Setser, 132 S. Ct. at 1467 ("Section 3584, however, is framed not as a conferral of authority but as a limitation of authority that already exists[.]"). Thus, while certain situations require a sentence to be concurrent or consecutive, the district court retains discretion in all other "situations not covered[.]" Id. at 1470. Setser also discusses 18 U.S.C. § 3621, which gives the Bureau of Prisons authority "to order that a prisoner serve his federal sentence in any suitable prison facility 'whether maintained by the Federal Government or otherwise.'" Id. at 1467. The implication is that the Bureau could designate a state prison as the place of imprisonment, so that a person facing a federal sentence and is serving a state sentence, would serve the two sentences concurrently. Id. at 1467-68.

Unlike Setser, the district court judge in Petitioner's case was *silent* as to whether the sentence would be consecutive or concurrent to the anticipated state sentence. As such, Setser does not directly apply factually. However, the discussion of §§ 3584 and 3621 are instructive nevertheless. In several instances, the Court states that the Bureau does not have a role in determining whether a sentence is concurrent or consecutive. Id. at 1469 ("Congress contemplated that only district courts would have the authority to make the concurrent-vs.-

---

[1] "If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a).

3 - ORDER

consecutive decision"); id. at 1470 (§ 3584 "makes no mention of the Bureau's role in the [concurrent-vs.-consecutive] process, the implication is that no such role exists"); id. (§ 3621 "is a conferral of authority on the Bureau of Prisons, but does not confer authority to choose between concurrent and consecutive sentences."); id. (Court declines to read § 3621 as "giving the Bureau of Prisons what amounts to sentencing authority").  Yet, it is implied from Setser that the Bureau, through its authority in § 3621, can make decisions that would effectively result in a concurrent or consecutive sentence, as long as the Bureau's decision comports with § 3584.  Setser, 132 S. Ct. at 1469 (in situations expressly dictated by § 3584, "the Bureau is not free to use its 'place of imprisonment' authority to achieve a different result.").  Setser does not change the Bureau's ability to designate the place of imprisonment under § 3621.

I agree with Judge Stewart's conclusion that justice would not be served in allowing Petitioner to bring another § 2241 action.  Petitioner argues that in his prior habeas petition under § 2241, he did not have the opportunity to develop the facts in support of his petition.   As explained by Judge Stewart, "inadequate factual development" was not an issue in the 2002 petition.  F&R, 7.  Petitioner also argues that the 2002 decision applies an incorrect standard for § 2241 cases.  Petitioner is correct that the court erroneously described relief under § 2241 as "extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  Mem. Supp. Pet. Writ Habeas Corpus ("Habeas Memo"), Ex. Q at 7.  Despite this incorrect characterization of § 2241, the court correctly concluded that Petitioner had not exhausted his administrative remedies through the Bureau, and thus relief under § 2241 was not available.  Id. at 7-8.

4 - ORDER

Petitioner also argues that the 2002 decision, and the Magistrate Judge, improperly relied on the federal sentencing judge's statement made years later. Because the federal sentence was silent as to whether it was to be consecutive or concurrent to the state sentence, the Bureau contacted the federal judge eight years after the original sentence to seek clarification. In response, the federal judge stated that he intended the sentence to be consecutive to the state sentence. Id. at 12. There is no authority that prevents the Bureau from contacting the sentencing judge to request clarification. Even without this post-sentencing clarification, the 2002 decision includes other reasoning that supports the Bureau's refusal to designate the state prison as the place of service for his federal sentence. Id. at 14 (under § 3584, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."); see also Elwell v. Fisher, No. 11-2595, 2012 U.S. Dist. LEXIS 84823, at *13 (D. Minn. Apr. 25, 2012) (federal sentence "correctly deemed" as consecutive) and Newman v. Cozza-Rhodes, No. 11-cv-3262, 2012 U.S. Dist. LEXIS 73684, at *11 (D. Colo. May 29, 2012) (same).

Finally, state sovereignty and principles of comity does not require the Bureau to follow the state court's order that the sentences run concurrently. Galarza-Villanueva v. Rios, No. 1:11-cv-228, 2012 U.S. Dist. LEXIS 47950 (E.D. Cal. Apr. 3, 2012) (citing Del Guzzi v. United States, 980 F.2d 1269, 1270 (9th Cir. 1992)). In Del Guzzi, the state judge "stated that Del Guzzi's sentence 'may be served in the federal prison,' and 'recommended that he be transported on the first available transportation[.]'" Del Guzzi, 980 F.2d at 1270. The court held that the state judge's "authority was limited to sending Del Guzzi to state prison to serve his state sentence." Id. Here, although the state judge ordered the sentence to run concurrently with the federal sentence, the order was beyond the judge's authority. Habeas Memo, Ex. K at 1.

5 - ORDER

CONCLUSION

The Court adopts Magistrate Judge Stewart's Findings and Recommendation (#16). Therefore, the petition for writ of habeas corpus is dismissed and the case is dismissed with prejudice.

IT IS SO ORDERED.

DATED this 15 day of August, 2012.

_____
MARCO A. HERNANDEZ
United States District Judge

6 - ORDER